IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MY SIZE, INC., <br><br> Plaintiff, <br><br> -against- <br><br> DAVID LAZAR, CUSTODIAN VENTURES LLC, ACTIVIST INVESTING LLC, MILTON C. AULT III, AULT ALPHA LP, AULT ALPHA GP LLC, AULT CAPITAL MANAGEMENT LLC, AULT & COMPANY, INC., DAVID ABOUDI, PATRICK LONEY, and DAVID NATAN, <br><br> Defendants. | No. 1:21-cv-08585 <br><br> **Honorable Jed S. Rakoff** <br><br> <u>**ANSWER AND COUNTERCLAIMS**</u> <br><br> <u>**JURY TRIAL DEMANDED**</u> |

Defendants Milton C. Ault III, Ault Alpha LP, Ault Alpha GP LLC, Ault Capital Management LLC, and Ault & Company, Inc. (collectively, the "Ault Defendants"), by and through their attorneys Kaplan Rice LLP, hereby answer the October 19, 2021 complaint of plaintiff My Size, Inc. ("My Size" or "the Company") (the "Complaint") and set forth their affirmative defenses and counterclaim. The Ault Defendants deny each and every allegation in the Complaint except as specifically admitted or responded to below.

**NATURE OF THE ACTION**

1. The Ault Defendants deny Paragraph 1 of the Complaint.

2. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, except admit that the Company is listed on the NASDAQ Capital Market. To the extent this paragraph states legal conclusions, no response is required.

3. The Ault Defendants deny Paragraph 3 of the Complaint, except admit that funds managed by the Ault Defendants are invested in securities of public companies (among other investments).

4. The Ault Defendants deny Paragraph 4 of the Complaint, except admit that a fund managed by the Ault Defendants acquired securities from an entity managed by Defendant Lazar in 2020.

5. The Ault Defendants deny Paragraph 5 of the Complaint.

6. The Ault Defendants deny Paragraph 6 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Custodian Ventures and refers to Custodian Ventures' filings with the U.S. Securities and Exchange Commission ("SEC") and in Delaware Chancery Court for the contents thereof.

7. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and to the extent this paragraph states legal conclusions, no response is required.

8. The Ault Defendants deny the allegations in Paragraph 8 of the Complaint.

9. The Ault Defendants deny the allegations in Paragraph 9 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Lazar Defendants.

10. The Ault Defendants deny Paragraph 10 of the Complaint.

11. The Ault Defendants deny Paragraph 11 of the Complaint.

**THE PARTIES**

12. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, except admit that the Company is

listed on the NASDAQ Capital Market under the ticker symbol MYSZ. To the extent this paragraph states legal conclusions, no response is required.

13. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. The Ault Defendants deny the allegations of Paragraph 19 of the Complaint, except admit that Milton "Todd" Ault is a U.S. citizen and that he has appeared in YouTube videos on investing. The Ault Defendants refer to the FINRA website and the public filings of Ault Global Holdings, Inc. for their contents.

20. The Ault Defendants admit that Ault Alpha is a Delaware limited partnership with its principal place of business in Las Vegas, Nevada and deny the remaining allegations in Paragraph 20 of the Complaint.

21. The Ault Defendants admit the allegations in Paragraph 21 of the Complaint.

22. The Ault Defendants admit that Ault Capital is a Delaware limited liability company with its principal place of business in Las Vegas, Nevada and that Milton Ault is the Chief Executive Officer of Ault Capital, and deny the remaining allegations in Paragraph 22 of the Complaint.

23. The Ault Defendants admit the allegations in Paragraph 23 of the Complaint.

## JURISDICTION AND VENUE

24. Paragraph 24 of the Complaint states a legal conclusion to which no response is required.

25. Paragraph 25 of the Complaint states a legal conclusion to which no response is required.

26. Paragraph 26 of the Complaint states a legal conclusion to which no response is required.

## FACTUAL BACKGROUND

**The Unlawful Proxy Solicitation**

27. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, except admit that the Company is listed on the NASDAQ Capital Market under the ticker symbol "MYSZ." To the extent this paragraph states legal conclusions, no response is required.

28. The Ault Defendants deny the allegations in Paragraph 28 of the Complaint.

29. The Ault Defendants deny the allegations in Paragraph 29 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Lazar Defendants.

30. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint. To the extent that this paragraph states legal conclusions, no response is required.

32. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint. To the extent that this paragraph states legal conclusions, no response is required.

**The False and Misleading 13D Filings**

33. The Ault Defendants deny the allegations in Paragraph 33 of the Complaint, except admit that the Ault Defendants jointly filed a Schedule 13D on September 23, 2021 concerning My Size shares purchased by Ault Alpha LP.

34. Paragraph 34 of the Complaint states a legal conclusion to which no response is required.

35. The Ault Defendants admit that they jointly filed a Schedule 13D with the SEC on September 23, 2021 concerning My Size shares purchased by Ault Alpha LP. The Ault Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36. The Ault Defendants deny the allegations in Paragraph 36 of the Complaint.

**Undisclosed Section 13(d) Group Membership**

37. Paragraph 37 of the Complaint states legal conclusions to which no response is required.

38. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39. The Ault Defendants deny the allegations in Paragraph 39 of the Complaint.

40. The Ault Defendants deny the allegations in Paragraph 40 of the Complaint, except admit that DPW Holdings, Inc. ("DPW"), now known as Ault Global Holdings, Inc. ("Ault Global"), filed a Schedule 13D with the SEC relating to Universal Securities Instruments ("USI") on December 10, 2020, and that DPW acquired USI shares from Activist Investing LLC, Custodian Ventures LLC and David Lazar.

41. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, except admit that DPW, now known as Ault Global, filed a Schedule 13D regarding Ikonics on January 14, 2021.

42. The Ault Defendants admit that the Schedule 13D filed on September 23, 2021 did not include the Lazar Group in the list of individuals who may be deemed to be members of a "group." The Ault Defendants deny the remaining allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Ault Defendants deny the allegations in Paragraph 43.

**Misstatements Regarding Purpose**

44. Paragraph 44 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, the Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint.

45. The Ault Defendants deny the allegations in Paragraph 45 of the Complaint and refer to the Schedule 13D for a full and accurate statement of its contents.

46. The Ault Defendants deny the allegations in Paragraph 46 of the Complaint.

47. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint.

48. The Ault Defendants deny the allegations in Paragraph 48 of the Complaint, except refer to the YouTube channel show "Risk On" for a full and accurate statement of its contents.[1]

49. The Ault Defendants deny the allegations of Paragraph 49 of the Complaint, and refer to the "Risk On" program for a full and accurate statement of its contents.

50. The Ault Defendants deny the allegations in Paragraph 50 of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Violation of Section 14(a) of the Exchange Act and Rules 14a-3 and 14a-12)**

51. The Ault Defendants repeat and reallege their answers to paragraphs 1 through 50 as if set forth fully herein.

52. Paragraph 52 of the Complaint states a legal conclusion to which no response is required.

53. Paragraph 53 of the Complaint contains states a legal conclusion to which no response is required.

54. Paragraph 54 of the Complaint states a legal conclusion to which no response is required.

55. The Ault Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

---

[1] The YouTube video can be viewed at https://www.youtube.com/watch?v=5O50uqOVhVU. Paragraphs 48 and 49 of the Complaint omit significant relevant portions of Defendant Ault's discussion of My Size.

56. Paragraph 56 of the Complaint states a legal conclusion to which no response is required.

57. Paragraph 57 of the Complaint states a legal conclusion to which no response is required.

58. Paragraph 58 of the Complaint states a legal conclusion to which no response is required.

## SECOND CLAIM FOR RELIEF

**(Violation of Section 13(d) of the Exchange Act and Rules 13d-1 and 13d-101)**

59. The Ault Defendants repeat and reallege their answers to paragraphs 1 through 58 as if set forth fully herein.

60. Paragraph 60 of the Complaint states a legal conclusion to which no response is required.

61. Paragraph 61 of the Complaint states a legal conclusion to which no response is required.

62. The Ault Defendants deny the allegations in Paragraph 62 of the Complaint.

63. The Ault Defendants deny the allegations in Paragraph 63 of the Complaint.

64. The Ault Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint states a legal conclusion to which no response is required.

## THIRD CLAIM FOR RELIEF

**(Violation of Section 13(d) of the Exchange Act and Rule 13d-101)**

66. The Ault Defendants repeat and reallege their answers to paragraphs 1 through 65 as if set forth fully herein.

67. Paragraph 67 of the Complaint states a legal conclusion to which no response is required.

68. Paragraph 68 of the Complaint states a legal conclusion to which no response is required.

69. The Ault Defendants deny the allegations in Paragraph 69 of the Complaint.

70. The Ault Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint states a legal conclusion to which no response is required.

## DECLARATORY AND INJUNCTIVE RELIEF

72. The Ault Defendants repeat and reallege their answers to paragraphs 1 through 71 as if set forth fully herein.

73. Paragraph 73 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the Ault Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the Ault Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, the Ault Defendants deny the allegations in Paragraph 75 of the Complaint.

## PRAYER FOR RELIEF

76. The allegations set forth in the "WHEREFORE" clause in Paragraph 76 constitute My Size's request for relief to which no response is required. To the extent that a response is

required, the Ault Defendants deny that My Size is entitled to the relief requested, or any other relief.

## AFFIRMATIVE DEFENSES

The statement of any defense herein does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiff. In addition, Defendants expressly reserve the right to amend and/or supplement their affirmative and other defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state any claim against the Ault Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has not alleged any facts to support the conclusory allegation that the Ault Defendants acted as a "group" with the Lazar Defendants as that term is defined in Section 13(d) of the Exchange Act.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged any facts to support the conclusory allegation that the Ault Defendants failed to make the disclosures required under Section 13(d) of the Exchange Act and the rules promulgated thereunder.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's first cause of action alleging unlawful proxy solicitation is not alleged against the Ault Defendants, but to the extent Plaintiff argues that it is alleged against the Ault Defendants,

Plaintiff has not alleged that the Ault Defendants engaged in conduct that could constitute unlawful proxy solicitation under Section 14(a) of the Exchange Act and the rules promulgated thereunder.

## **SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are moot due to changed circumstances since the filing of the Complaint.

## THE AULT DEFENDANTS' COUNTERCLAIM AGAINST MY SIZE, INC.

### INTRODUCTION

1. My Size's claims in this action violate New York's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute, N.Y. Civ. Rights Law § 70-a. My Size's Complaint and subsequent communications make clear that its claims are principally aimed at public statements made by Todd Ault on his YouTube program. Given the lack of any factual allegations showing that Todd Ault and David Lazar agreed to act as a 13(d) group for the purpose of acquiring, holding, voting, or disposing of My Size stock, My Size commenced this action without a substantial basis in fact and law. Indeed, even the YouTube program cited by My Size makes clear that Ault is not acting together with Lazar.

2. This action also became moot when (i) the Ault Defendants sold their My Size stock on October 26, 2021, and (ii) My Size settled with Lazar, the other party to the alleged group. All of My Size's continued pursuit of the claims against the Ault Defendants is without a substantial basis in fact and law.

3. The Ault Defendants respectfully submit that, pursuant to N.Y. Civ. Rights Law § 70-a(1), they are entitled to damages, costs and attorneys' fees.

4. By bringing this counterclaim, the Ault Defendants do not waive any arguments in support of dismissal of this action.

### JURISDICTION

5. The Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367(a) because the counterclaim is so related to My Size's claims in this action that it forms part of the same case or controversy under Article III of the U.S. Constitution and constitutes a compulsory counterclaim pursuant to Fed. R. Civ. P. 13.

## STATEMENT OF FACTS

**A.     The Decision to Invest in My Size**

6.     Milton "Todd" Ault is an investor and fund manager who invests in publicly traded companies. He maintains an active social media presence and is a prolific content creator on YouTube, with more than 60,000 subscribers.[2] He hosts a number of original shows on his YouTube channel, including "Risk On," a regular livestream where he discusses new investment opportunities and responds to viewers' questions and comments in real time, and the "Ault-onomous Podcast," a program featuring one-on-one interviews with leaders in entrepreneurship and entertainment.

7.     On September 23, 2021, the Ault Defendants filed a Schedule 13D with the SEC concerning Ault Alpha LP's acquisition of approximately 9.9% of the outstanding shares of My Size (the "Schedule 13D"). Ault Alpha LP is an investment fund managed by Todd Ault.

8.     The next day, Ault discussed My Size in his "Risk On" livestream program.[3] He explained the reasoning behind his investment decision and criticized My Size's executive leadership for not taking affirmative steps to increase shareholder value, and sitting on the company's significant assets. Ault spoke in general terms about the potential to create value for My Size shareholders. In this context, Ault provided the example of Ault Global's investment in another company, Ikonics, and the recent merger of Ikonics and Terawulf, a cryptocurrency mining company. Ault suggested that My Size should do something similar to the Ikonics transaction by acquiring or merging with another business. Ault remarked at 16:15, "There's something to do

---

[2]     Ault's YouTube channel can be found at https://www.youtube.com/c/MiltonToddAultIII/.

[3]     Footnote 1, *supra*, contains a hyperlink to the September 24, 2021 "Risk On" episode. The discussion summarized here begins at 14:36.

here with My Size. I don't know what it'll be." Ault did not mention specific plans for My Size, and did not mention any potential merger partners or acquisitions involving My Size.

9. Ault's statements are consistent with the Schedule 13D, which clearly discloses in Item 4 that Ault may engage in communications with My Size concerning "potential business combinations or dispositions" of My Size's business.

10. Ault also addressed the fact that another investor, David Lazar, also owned a significant portion of My Size's outstanding shares. Beginning at 16:18, Ault explained: "I saw that David Lazar is an investor. . . . I saw David Lazar sued them yesterday, sued the company, demanding they have a shareholder meeting. But now, myself and David own 20% of the company. Now, we're not a group — in fact I've never met David in person. Only spoke to him on the phone. But he's a smart investor."

11. Ault did not have (and has never had) an agreement or understanding with Lazar to act together for the purpose of acquiring, holding, voting, or disposing of My Size stock.

**B.   My Size's Claims Against Ault Are Based Principally on Statements from "Risk On" That Were Taken Out of Context**

12. My Size filed its Complaint in this action on October 19, 2021. The principal focus of the Complaint is David Lazar and his companies, which had sued My Size in Delaware just weeks before to compel the company to hold an annual meeting. The Complaint alleges that Lazar acquired his position in My Size stock in May 2021, and shortly thereafter sent a letter to the Company nominating four candidates for election to the My Size board at the 2021 annual shareholder meeting. (Complaint ¶ 29.) The Complaint further alleges that Lazar violated proxy solicitation rules by communicating with other My Size shareholders about the new slate of directors. (Complaint ¶ 30.) The Complaint does not allege that the Ault Defendants, which

acquired My Size stock months later, in September 2021, were involved in any of the alleged solicitation activities.

13. Instead, My Size alleges that Ault was acting as a group with Lazar and his companies, and failed to disclose this in the Schedule 13D. The Complaint refers to Ault's statements from the September 24th "Risk On" episode to support this allegation by cherry-picking snippets of the discussion and taking them out of context. (*See* Complaint ¶¶ 48-49.)

14. Upon information and belief, My Size sued the Ault Defendants in an attempt to punish Todd Ault for his comments concerning the company on the "Risk On" livestream. The Complaint itself contains no factual allegations indicating that Ault and Lazar had an agreement or understanding to acquire, hold, vote, or dispose of My Size stock. Indeed, the Complaint alleges only that Ault and Lazar have invested in the same companies previously, but lacks any allegation that Ault and Lazar have acted as a 13D group before (they have not), and fails to explain why these assertions are relevant to the claims in this case. Moreover, the Complaint's reliance on Ault's public statements made during the "Risk On" program is misleading. For example, the Complaint fails to mention that Ault explicitly says that he is *not* acting as a group with Defendant Lazar.

15. The Complaint also alleges that Ault failed to disclose his plans for My Size. To support this allegation, the Complaint relies entirely on Ault's "public pronouncements." The Complaint again misleadingly quotes snippets of Ault's commentary from the "Risk On" program, and fails to acknowledge Ault's clear statement that "there's something to do here with My Size" but he doesn't yet know what that "something" will be.

16.     Given the lack of any factual allegations supporting My Size's claims against Ault, it is evident that My Size filed this case to punish Ault for comments on his "Risk On" program and to coerce him into not discussing My Size publicly.

**C.     Subsequent Events Render the Claims Against The Ault Defendants Moot**

17.     On October 26, 2021, My Size announced a contract with Dockers (Turkey), a brand of Levi Strauss & Co., involving the use of its measurement technology. The price of My Size stock rose significantly following this announcement, opening at $1.18 and reaching a high of $2.97 on October 26th.

18.     Ault Alpha sold its My Size stock on October 26th.

19.     On October 27th, the Ault Defendants jointly filed an amended Schedule 13D (the "Schedule 13D/A") disclosing that Ault Alpha LP had sold all of its My Size stock.

20.     My Size's claims for declaratory and injunctive relief against My Size were rendered moot when the Ault Defendants sold its My Size stock and filed the Schedule 13D/A.

21.     The Ault Defendants' counsel informed My Size's counsel of the above facts and demanded that My Size withdraw the Section 13(d) claims. My Size refused.

22.     My Size thereafter continued to make clear that this suit is aimed at Todd Ault's public comments. In refusing to withdraw the claims against the Ault Defendants, My Size cited to yet another "Risk On" episode from October 22, 2021, where Ault discussed the baseless allegations in the Complaint.[4]

23.     Even after Lazar entered into a settlement agreement with My Size, which prevents Lazar from participating in a Section 13(d) "group" with respect to My Size shares (another reason

---

[4] The October 22nd episode can be viewed at https://www.youtube.com/watch?v=MnmcuQP4hOg.

why the "group" allegations are now moot), My Size refused to withdraw its claims against the Ault Defendants, demanding that they agree to a non-disparagement agreement.

24. Upon information and belief, My Size's principal purpose in continuing this case against the Ault Defendants is to silence Todd Ault and punish him for making critical comments about the management of My Size on his "Risk On" program.

25. My Size has no basis in law or in fact to continue to pursue its claims against the Ault Defendants.

26. My Size's Complaint and subsequent comments make clear that these claims involve Todd Ault's "public petition and participation" – his comments about My Size on his "Risk On" program.

27. Further evidence of this is the fact that My Size has refused to drop its baseless and moot claims against the Ault Defendants unless they agree to a non-disparagement clause.

## COUNT I

### N.Y. Civ. Rights Law § 70-a

28. The Ault Defendants repeat and reallege paragraphs 1 through 27 of its counterclaim as though set forth fully herein.

29. N.Y. Civ. Rights Law § 70-a(1) provides: "[a] defendant in an action involving public petition and participation . . . may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action" where the action "was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification, or reversal of existing law".

30. "An 'action involving public petition and participation' is a claim based upon: (1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest". N.Y. Civ. Rights Law § 76-a(1)(a).

31. "'Claim' includes any lawsuit, [or] cause of action". N.Y. Civ. Rights Law § 76-a(1)(b).

32. "'Communication' shall mean any statement, . . . protest, writing, argument, contention or other expression." N.Y. Civ. Rights Law § 76-a(1)(c).

33. "'Public interest' shall be construed broadly, and shall mean any subject other than a purely private matter." N.Y. Civ. Rights Law § 76-a(1)(d).

34. My Size's claims against the Ault Defendants are based principally upon statements made by Todd Ault regarding My Size in videos posted on YouTube. Upon information and belief My Size's motivation in filing these claims against Ault was to punish him and to avoid future criticisms by Ault.

35. This action involves public petition and participation, as defined in N.Y. Civ. Rights Law § 76-a(1), because it involves communication in a public forum, including but not limited to YouTube videos and documents publicly filed with the SEC.

36. My Size's pursuit of its claims against the Ault Defendants violates N.Y. Civ. Rights Law § 70-a(1)(a) because My Size has commenced and continued this action without a substantial basis in fact and law and there is no substantial argument for the extension, modification or reversal of existing law.

37.     Pursuant to § 70-a(1), the Ault Defendants should be awarded damages, including costs and attorney's fees, based on Plaintiff's pursuit of or continuation of this action.

## JURY DEMAND

The Ault Defendants demand a jury trial on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, the Ault Defendants respectfully request that this Court enter judgment as follows:

A.      Dismissing the Complaint with prejudice;

B.      Granting judgment in favor of the Ault Defendants on their counterclaim and awarding damages to the Ault Defendants in an amount to be determined;

C.      Awarding the Ault Defendants costs and expenses, including reasonable attorneys' fees; and

D.      Granting such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: New York, New York
       November 8, 2021

*/s/ Howard J. Kaplan*
Howard J. Kaplan
KAPLAN RICE LLP
142 West 57th Street, Suite 4A
New York, New York 10019
Tel: (212) 235-0300
hkaplan@kaplanrice.com

*Attorneys for Defendants and Counterclaimants Milton C. Ault III, Ault Alpha LP, Ault Alpha GP LLC, Ault Capital Management LLC, and Ault & Company, Inc.*

19